IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Fredrick Bolden,** | Case No. 1:22cv377 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Nancy A. Fuerst, et al.,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

*Pro se* plaintiff Fredrick Bolden filed this action against Nancy A. Fuerst, Eric James Ivey, and Kenneth F. Kochevar (Doc. No. 1). Presently pending is the defendants' motion for judgment on the pleadings (Doc. No. 4). Defendants' motion is unopposed. For the following reasons, the motion is granted, and this action is dismissed.

## I. Background

Plaintiff's complaint contains very few factual allegations. Plaintiff alleges that "this case is brought … for alleged inhumane treatment … which is in violation of the Civil Human Rights Act of 1964 … and the Ohio Civil Rights Act." He claims that Defendants "and/or aspiring recruits" have "committed lethal capital crime(s) and attempted murder of domestic terrorism by subjecting the plaintiff to cruel and inhumane torture, excessive force, abuse of power, brutality, … secretly and non-consensual implantation, disruption of thought freedom, … mind altering and

mind control, brain entrapment, abuse through covert remote influencing technologies, … surveillance, stalking, hacking, … voice-to skull and image-to-skull … non-consensual implants …" Plaintiff also alleges that "the defendants attacked Plaintiff from behind, knocked Plaintiff unconscious, applied non-consensual injections … and left Plaintiff for dead." Plaintiff claims that "Defendants" practice daily "remote harassment, organized stalking and targeting/torture program on the plaintiff." (*Id.* at 2).

Plaintiff seeks $70,000,000.00 in damages.

## II. Standard of Review

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as Rule 12(b)(6) motions to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court,

however, has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *see also Bolden v. Cuyahoga Cty. Sheriff's Dept.*, 2018 U.S. Dist. LEXIS 43744, at *2 (N.D. Ohio Mar. 16, 2018).

### III. Law and Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, Plaintiff's complaint fails to include virtually any factual allegations. Rather, Plaintiff's complaint contains meaningless, fanciful rhetoric and conclusory legal claims. Moreover, his pleading fails to connect any alleged occurrence to any specific injury, and he fails to identify how each of the defendants harmed him. Merely listing defendants in the caption of the complaint, but raising no specific factual allegations against each defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). Plaintiff therefore fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard, and this action must be dismissed.

## IV. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted. For the foregoing reasons, Defendants' motion for judgment on the pleadings (Doc. No. 4) is granted, and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: May 18, 2022

  s/*Pamela A. Barker*  
PAMELA A. BARKER  
U. S. DISTRICT JUDGE